IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM G. BROWN,<br><br>    Plaintiff,<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.: 3:22-cv-01028-SB<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Stacie F. Beckerman issued a Findings and Recommendation ("F&R") in this case on July 23, 2024, ECF [24], in which she recommended that this Court grant defendant's motion for summary judgment. Plaintiff timely filed objections, to which defendant responded. *See* Pl. Objs. to F&R ("Objs."), ECF [26]; Def. Resp. to Objs. to F&R ("Resp."), ECF [27]. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

1

## DISCUSSION

Plaintiff brings this action against defendant under the Federal Tort Claims Act ("FTCA"), alleging a single claim of negligence. First Am. Compl. ("FAC"), ECF [7], ¶¶ 1, 7-12. The relevant facts are set forth in the F&R.[1] Put succinctly, plaintiff sustained injuries from an altercation with a United States Postal Service Mail carrier wherein the mail carrier struck plaintiff with his mail truck. F&R 2. In the FAC, plaintiff alleges the mail carrier's conduct was negligent, but at deposition, plaintiff testified at length to the mail carrier's conduct during the incident, including that the mail carrier "decided to hit [plaintiff] with the vehicle." *Id.* at 3 (quoting Decl. Sarah E. Feldman Supp. Def. Mot. for Summ. J., Ex. 2 ("Brown Dep."), ECF [17-2], 18:22-23, 24:23-24). Plaintiff's deposition testimony is supported by other witness statements and is only disputed by the mail carrier's deposition testimony, which alleges that plaintiff was injured when he punched the mail truck, lost his balance, and fell. *Id.* at 3 n.2. Defendant moved for summary judgment on the ground that the Court lacks subject matter jurisdiction over plaintiff's claim because the gravamen of his claim is battery, an intentional tort that is barred by the FTCA's intentional tort exception. *Id.* at 1, 4; *see* Def. Mot. for Summ, J., ECF [16], at 2, 9-10. Judge Beckerman agreed. Thus, the F&R recommends that this Court grant defendant's motion and dismiss plaintiff's case for lack of subject matter jurisdiction.

Plaintiff timely objected to the F&R on the sole basis that it improperly shifts defendant's burden at summary judgment onto "plaintiff to prove that the [mail carrier's] conduct . . . was not intentional." Objs. 1-2. Plaintiff does not appear to disagree with the F&R's statement of the legal standard for a motion for summary judgment. Instead, plaintiff argues that the F&R erroneously finds that there is no genuine issue of material fact, namely because the mail carrier's deposition testimony indicates there is conflicting evidence on the issue of intent. *Id.* at 2. Plaintiff also incorporates the arguments set forth in his opposition to defendant's motion. *Id.* at 1.

Plaintiff's arguments fail. While it is true that the F&R places on plaintiff a "burden of

---

[1] Plaintiff has not objected to the F&R's recitation of the facts.

establishing that his claim arose out of negligent conduct," plaintiff is incorrect that this constituted an "improper shift" of defendant's burden on summary judgment. *Id.* at 12. Plaintiff ignores the case law correctly cited by Judge Beckerman on this point. *See id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). Where, as here, a defendant's motion for summary judgment is based on the Court's lack of subject matter jurisdiction and the defendant has introduced sufficient evidence to establish that the Court in fact lacks jurisdiction, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2; *see Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987) (indicating that burden on non-moving party to introduce facts establishing subject matter jurisdiction is "the same" in motion to dismiss and motion for summary judgment contexts); *Dahlstrom v. United States*, 858 Fed. App'x 208, 209 (9th Cir. 2021).

Further, the F&R correctly found that there is no genuine dispute as to any material fact. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Importantly, "the mere existence of some alleged factual dispute . . . will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphases omitted). Though a judge ruling on a summary judgment motion should not make credibility determinations, weigh evidence, or draw inferences from facts, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation and quotation marks omitted). Further, while a judge ruling on a summary judgment motion should draw all inferences in the light most favorable to the opposing party, such inferences must be rational, reasonable, or justifiable. *Anderson*, 477 U.S. at 255; *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

Here, the mail carrier's cited deposition testimony does not preclude summary judgment. The mail carrier's testimony is "a scintilla of evidence" that plaintiff's own deposition testimony (as well as all witness statements) directly contradicts. *Anderson*, 477 U.S. at 252. Though this Court cautiously heeds its duty to resist assessing credibility and weighing evidence, the Court is under no obligation to draw inferences in plaintiff's favor that are neither rational, reasonable, nor justifiable. *See id.* at 255; *T.W. Elec. Serv. Inc.*, 809 F.2d at 631. Although plaintiff has styled his claim as one of negligence, the F&R appropriately "look[s] beyond . . . plaintiff's classification of the cause of action to examine whether the conduct upon which the claim is based constitutes one of the torts [excluded from coverage under the FTCA]." *Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996). Summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF [24]. Defendant's Motion for Summary Judgment, ECF [16], is GRANTED. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 30th day of September, 2024.

_____
Adrienne Nelson
United States District Judge